UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JAMES L. LIGHT, JR.,

      Petitioner,

v.                                    Case No.  8:11-cv-1961-T-17EAJ

THOMAS B. McCOUN,

      Respondent.

_____

## ORDER

THIS CAUSE was initiated upon the filing of a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus.  Petitioner paid the $5.00 filing fee. A review of Light's criminal case reveals that this case must be dismissed.

### DISCUSSION

Petitioner alleges that on December 29, 2005, Respondent detained and imprisoned him for a warrantless indictment "that was never issued an arrest warrant and denied the petitioner his right to a bond hearing."

### Claim Has no Merit

This claim has no merit.  Petitioner's criminal case number in this Court is 8:05-cr-341-T-24EAJ.  The docket demonstrates that the indictment was returned in open court on August 11, 2005.  On August 12, 2005, an arrest warrant was issued for the Petitioner.

Petitioner was arrested on December 29, 2005.  On that same date, the federal

public defender was appointed to represent Petitioner. On December 30, 2005, the Respondent entered an order of detention, and on January 30, 3005. The arrest warrant was returned executed on January 3, 2006.  Nothing in the record shows that Petitioner's Fifth and Fourteenth Amendment rights were violated or that he was subjected to illegal detention, false imprisonment or a violation of his due process rights.

### Respondent Has Judicial Immunity

Furthermore, the Respondent has judicial immunity. It is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Hyland v. Kolhage*, 267 F. App'x 836, 839-40 (11th Cir.2008) (quoting *Mireles*, 502 U.S. at 11). There are two exceptions to the doctrine of judicial immunity: (1) actions not taken in the judge's judicial capacity, and (2) actions taken in the complete absence of all jurisdiction. *See Hyland*, 267 F. App'x at 840. "[F]or purposes of absolute judicial immunity, judges and their law clerks are as one." *Oliva v. Heller*, 839 F.2d 37, 40 (2d Cir.1988); *accord In re Lickman*, 304 B.R. 897, 903 (M.D. Fla. 2004).  Neither of these exceptions apply in the present case.

### Title 28 U.S.C. § 2241 not Proper

On February 9, 2006, a superseding indictment was returned by the Federal Grand Jury in the Middle District of Florida, charging Petitioner Light with violating 21, U.S.C. §§

2

841(a) (1) and 841(b)(1)(B)(iii).  Petitioner was convicted on Count One of the superseding indictment and sentenced to incarceration of 262 months incarceration and 48 months of supervised release. (Doc. cr-53).

Petitioner filed a timely notice of appeal.  On appeal, the petitioner argued that the District Court erred in finding that he knowingly and intelligently waived his Sixth Amendment right to counsel. He further argued that there existed insufficient evidence to support his conviction. The Eleventh Circuit affirmed his conviction in 2007. (Doc. cr-72). Petitioner has not filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct an illegal sentence.

A 28 U.S.C. § 2241 petition is typically used to challenge the manner in which a sentence is executed. A motion filed pursuant to section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence.  Here, the petitioner is challenging the legality of his sentence, but is time-barred from raising the claim in a motion to vacate.

However, despite the fact that a section 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandate of what is known as the section 2255 "savings clause."  The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a section 2255 motion is "inadequate or ineffective to test the legality of his detention."  The petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective. It is well-established that "in order to establish a remedy is 'inadequate or ineffective' under section 2255, there must be more than a procedural barrier to bringing

3

a section 2255 petition.  Furthermore, section 2255 is not inadequate or ineffective merely because the claim was previously raised in a section 2255 motion and denied, or because a remedy under the section is time-barred. *United States v. Laurie*, 407 F.3d 1075, 1077 (8th Cir. 2000).  Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application.

Furthermore, Petitioner has filed at least four additional 28 U.S.C. habeas corpus petitions related to this case.  (See Exhibits 1, 2, 3 attached to this Order).

For the above reasons, the Court orders:

That Petitioner's petition is denied, with prejudice.  The Clerk is directed to enter judgment against Petitioner and to close this case.

ORDERED at Tampa, Florida, on September 23, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

James L. Light, Jr.